UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-45-F

| | |
|---|---|
| JOE E. TEAGUE, JR. PE, CM, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| THE NORTH CAROLINA ) | |
| DEPARTMENT OF TRANSPORTATION, ) | |
| Defendants. ) | |

This matter is before the court upon Motion to Dismiss [DE-8] by Defendant North Carolina Department of Transportation ("NCDOT") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff Joe E. Teague, Jr. ("Teague") responded with a Motion for Judgment on the Pleadings and Schedule Trial [DE-14]. This matter is now ripe for disposition.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This case arises out of Teague's termination from the NCDOT on May 17, 2001 and the subsequent administrative and state court appellate proceedings that followed. *See* Compl. [DE-1]. Teague worked for the NCDOT from February 29, 1988 until his termination on May 17, 2001. On September 21, 2001, Teague filed a petition for a contested case hearing in the Office of Administrative Hearings claiming the NCDOT did not have cause to terminate him. Teague's case was heard by Administrative Law Judge Melissa Lassiter ("ALJ") on April 9-10, 2002. On October, 17, 2002, the ALJ rendered a decision affirming the dismissal of Teague from the NCDOT. On April 1, 2003, the State Personnel Commission issued a Memorandum of Consideration in which it adopted the ALJ's decision in favor of the NCDOT pursuant to North Carolina General Statute 150B-4. Teague filed a Petition for Judicial Review on May 2, 2003,

and the NCDOT filed a timely response. On February 17, 2005, Judge Henry W. Hight, Jr. for the Superior Court of Wake County, Civil Division, entered an Order affirming the ALJ's decision. Teague then appealed to the North Carolina Court of Appeals, and the court filed a unanimous opinion on April 18, 2006, affirming the trial court's order in favor of the NCDOT. Teague's *pro se* "Motion to Reconsider" in the Court of Appeals was denied by order dated September 7, 2006.

On August 17, 2006, the Supreme Court of North Carolina denied Teague's *pro se* Petition for Discretionary review. The Supreme Court of North Carolina also dismissed Teague's January 22, 2007 "Motion for Declaratory Judgment on five separate and distinct alternative NC statutes all referenced to the subject case" by order dated May 3, 2007. Finally, Teague filed a *pro se* "Motion for Declaratory Judgment on Five Separate and Distinct Alternative NC Statutes All Referenced to the Subject Case All Standing Alone" in the North Carolina Court of Appeals on May 4, 2007, with said motion dismissed by order dated May 23, 2007.

Teague is now before this court, having filed a Complaint on February 2, 2007. Although his Complaint is somewhat convoluted, it appears that Teague seeks summary judgment on two different claims, as well as five separate declaratory judgments. *See* Compl. [DE-1]. It appears that Teague asserts a claim pursuant to 42 U.S.C. § 1983 for the alleged violations of his due process rights, secured by the Fourteenth Amendment to the United States Constitution, resulting from the administrative proceedings following Teague's dismissal from the NCDOT. *See* Compl., Motion for Summary Judgment no. 1 & Declaratory Judgment nos. 1, 2, & 5. Teague apparently also seeks a ruling as to the constitutionality of various statutes.

2

The NCDOT has moved to dismiss each of Teague's claims for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* abstention doctrine, for failure to state a claim upon which relief may be granted, and because Teague's claims are barred by the Eleventh Amendment, claiming that the NCDOT is protected by sovereign immunity.

## II. ANALYSIS

The NCDOT argues that Teague's Complaint should be dismissed because the Eleventh Amendment to the United States Constitution prevents this court from exercising jurisdiction over Teague's claims. The NCDOT also argues that the Complaint should be dismissed pursuant to the *Rooker-Feldman* doctrine and for failure to state a claim. A court, however, ordinarily must resolve Eleventh Amendment questions "as soon as possible after the State asserts its immunity." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 (4th Cir. 2005). For that reason, the court first addresses the NCDOT"s claim of sovereign immunity.

The Eleventh Amendment states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign States." U.S. Const. amend. XI. The Eleventh Amendment has been read to make "an unconsenting state . . . immune from suits brought in federal courts by her own citizens as well as by citizens of other states." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Moreover, as the Supreme Court has made clear, state agencies are protected from suit by citizens of a state by the doctrine of sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)("In the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

3

In this case, Teague names only one defendant in his Complaint, the NCDOT. Because the NCDOT, as a state agency, enjoys sovereign immunity, Teague may only assert his claims against the NCDOT if: (1) the state has clearly and unambiguously waived sovereign immunity; (2) the case fits within the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), which permits certain private suits against state officers; or (3) Congress has validly abrogated the immunity. *See Alden v. Maine*, 527 U.S. 706, 755-57 (2000).

Here, there are no allegations that the State of North Carolina has waived its immunity with respect to the claims that Teague has alleged. Morever, Teague has not invoked a federal statute that abrogates North Carolina's sovereign immunity. The only federal statute relied upon by Teague is 42 U.S.C. § 1983. The Supreme Court has definitively stated, however, that § 1983 does not abrogate sovereign immunity. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979)("[Section] 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States.").

Because the NCDOT has not consented to this suit, and § 1983 does not abrogate North Carolina's sovereign immunity, the *Ex Parte Young* doctrine must apply if Teague's Complaint is to stand. As the Supreme Court has made clear, however, the doctrine applies only to those claimants seeking prospective, not retroactive, relief in cases against state officials. *See Ex parte Young*, 209 U.S. 123 (1908); *Edelman v. Jordan*, 415 U.S. 651, 681 (1974)("Though a § 1983 action may be instituted . . . a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief . . . and may not include a

4

retroactive award which requires the payment of funds from the state treasury.). Nowhere in his Complaint has Teague named any state official as required to apply the *Ex parte Young* doctrine. Instead, Teague has limited his claim to include the NCDOT as the only defendant. As such, *Ex parte Young* is not an available exception because, as noted by the *Pennhurst* Court, the Eleventh Amendment bars suits against states and state *agencies* "regardless of the nature of the relief sought." *See Pennhurst,* 465 U.S. at 101. Furthermore, even if Teague had named as defendant a state official, his claims for the payment of unemployment benefits he believes he is owed would still be barred as those benefits would constitute a retroactive form of relief not afforded by the *Ex parte Young* exception. *See Edelman,* 415 U.S. at 666-78(refusing to allow an injunction ordering payment of welfare payments that were previously improperly withheld).

Accordingly, because of North Carolina's sovereign immunity, this court lacks jurisdiction over Teague's claims against the NCDOT.[1] Consequently, the NCDOT's Motion to Dismiss [DE-8] is ALLOWED. All other pending motions are DENIED as moot, and the Clerk of Court is DIRECTED to close this case.

### III. CONCLUSION

The NCDOT's Motion to Dismiss [DE-8] is ALLOWED. All other pending motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 28 day of September, 2007.

James C. Fox
Senior United States District Judge

---

[1] To the extent that Teague alleges grievances against parties not named as Defendants in this action, such claims are DISMISSED.

5